[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO REARGUE
The issue of jurisdiction, because of the age of one of the parties' children, was not raised at the hearing on or in Defendant's post hearing Memorandum in Opposition to the Plaintiff's Motion for Modification.
The issue presented in the Defendant's Motion to Reargue is whether court had jurisdiction to enter orders which altered the manner, method and amount of support payments for the parties' two children, one of whom was over the age of 18. The agreement provided child support for Lucas until the age of 27 and Carey until the age of 21.
The court found a substantial change of circumstances of the parties in that the 21 year old child had moved out of his mother's house more than 6 months earlier and that the Plaintiff father's income had significantly increased. The court was also motivated by the fact that it found that a share of the support was intended for Lucas but the Defendant mother was not passing on any of the support payments to him. Provisions for support were part of a signed separation agreement, dated October 18, 1991, which was incorporated into the dissolution decree of January 3, 1992.
This Separation Agreement contained a provision relating to modification. It provided:
 Article III. 2. "In the event that a decree dissolving the marriage . . . shall be entered....a subsequent modification by any court of competent jurisdiction of such decree shall, to the extent it varies the terms of this agreement be deemed to amend this agreement in accordance with the terms of such modification."
(Emphasis added).
This language clearly reflected the parties' awareness of the possibility of and consent to a modification of the terms of the agreement, and made no exception for any provision.
The case cited by Defendant, Miner v. Miner, 48 Conn. App. 409
(1998) is not controlling. In Miner, the court held that a court has no jurisdiction to modify a written agreement incorporated in a CT Page 5336 dissolution decree as it pertains to postmajority support and education without a written agreement signed by both parties giving the court authority to modify the agreement or by the parties themselves modifying the agreement. Here, the original separation agreement provided such authority and thereby provided the court with jurisdiction.
Having heard the parties as requested by the Defendant in her Motion to Reargue, the court finds that it had jurisdiction to hear and determine the Plaintiff's Motion for Modification dated November 30, 1999.
HILLER, J.